# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————————

## NO. 21-30690

———————————

## UNITED STATES OF AMERICA,
### Plaintiff - Appellee

### v.

## JASON BOYET,
### Defendant - Appellant

———————————

**Appeal From The United States District Court
For The Eastern District Of Louisiana**

**Honorable Sarah S. Vance, District Judge
Criminal Docket No. 20-51, Section "R"**

———————————

## BRIEF OF APPELLEE, THE UNITED STATES OF AMERICA

———————————

**DUANE A. EVANS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA**

**KEVIN G. BOITMANN
Assistant U.S. Attorney, Chief of Appeals**

**JORDAN S. GINSBERG
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
(504) 680-3121**

**Attorneys for the United States of
America**

**July 21, 2022**

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. R. 28.2.3, the government respectfully submits that oral argument would not assist the Court in its decision in this case.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS .......................................................................................... iii

TABLE OF AUTHORITIES ................................................................................... iv

STATEMENT OF JURISDICTION ..........................................................................1

STATEMENT OF THE ISSUES ...............................................................................2

STATEMENT OF THE CASE ...................................................................................2

SUMMARY OF ARGUMENT ..................................................................................8

ARGUMENT ..............................................................................................................9

I. Boyet waived his right to challenge his sentence, including the
district court's Guideline determinations, as part of his written
plea agreement ................................................................................... 9
  A. Standard of review. ................................................................... 9
  B. The waiver in Boyet's plea agreement was knowing and
voluntary, and it applies to the sentencing and Guideline
calculation claims in this appeal. .............................................. 10

II. In the event the Court reaches the merits of Boyet's sentencing
claims, Boyet's sentence should be affirmed. ................................... 12
  A. Standard of review. ................................................................. 12
  B. The district court properly applied a five-level
enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) ............... 14
  C. The district court properly considered all applicable
factors before imposing a within-Guidelines sentence. ............ 16

III. The written judgment conflicts with the oral pronouncement of
sentence as to a term of supervised release and should be
corrected. .......................................................................................... 18
  A. Standard of review. ................................................................. 18
  B. The Court should vacate the dating restriction in the
written judgment and remand for the written judgment to
be consistent with the oral pronouncement of sentence. .......... 19

CONCLUSION .........................................................................................................20

CERTIFICATE OF SERVICE AND ECF COMPLIANCE ....................................21

iii

# TABLE OF AUTHORITIES

## Cases

*Gall v. United States*, 552 U.S. 38 (2007) ...............................................................12

*Rita v. United States*, 551 U.S. 338 (2007)..............................................................13

*United States v. Bigelow*, 462 F.3d 378 (5th Cir. 2006)...........................................19

*United States v. Cooks*, 589 F.3d 173 (5th Cir. 2009)..............................................13

*United States v. Dedual*, 760 F. App'x 339 (5th Cir. 2019)....................................14

*United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011) .......................................13

*United States v. Halverson*, 897 F.3d 645 (5th Cir. 2018) ............. 5, 6, 8, 13, 14, 15

*United States v. Hebert*, 813 F.3d 551 (5th Cir. 2015)............................................13

*United States v. Mares*, 402 F.3d 511 (5th Cir. 2005)..............................................14

*United States v. Pleitez*, 876 F.3d 150 (5th Cir. 2017).........................................9, 10

*United States v. Rodriguez*, 602 F.3d 346 (5th Cir. 2010).......................................13

*United States v. Rodriguez-Estrada*, 741 F.3d 648 (5th Cir. 2014) ........................10

*United States v. Tang*, 718 F.3d 476 (5th Cir. 2013)...............................................19

## Statutes

18 U.S.C. § 2252 ........................................................................................................3

18 U.S.C. § 3231 ........................................................................................................1

18 U.S.C. § 3553 ......................................................................................................12

18 U.S.C. § 3742 ........................................................................................................1

28 U.S.C. § 1291 ........................................................................................................1

**Other Authorities**

U.S.S.G. § 2G2.2 ................................................................................ 5, 7, 8, 12, 14

**Rules**

5th Cir. R. 28.2.3 ...................................................................................................... ii

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————

### NO. 21-30690

———————————

### UNITED STATES OF AMERICA,
#### Plaintiff - Appellee

v.

### JASON BOYET,
#### Defendant - Appellant

———————————

**Appeal From The United States District Court
For The Eastern District Of Louisiana**

**Honorable Sarah S. Vance, District Judge
Criminal Docket No. 20-51, Section "R"**

———————————

## BRIEF OF APPELLEE, THE UNITED STATES OF AMERICA

———————————

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The district court had jurisdiction under 18 U.S.C. § 3231. This is an appeal from a

final judgment of the United States District Court for the Eastern District of

Louisiana in a criminal case.

## STATEMENT OF THE ISSUES

(1)    Whether Boyet waived his right to appeal his sentence as part of his knowing and voluntary plea agreement.

(2)    Assuming the Court does not consider Boyet's sentencing claims waived, whether sufficient evidence existed for the application of the five-level distribution-for-value enhancement under the United States Sentencing Guidelines and a Guideline offense level enhancement for use of a computer before imposing a within-Guidelines sentence.

(3)    Whether the district court's oral pronouncement of sentence conflicts with the written judgment so as to require correction.

## STATEMENT OF THE CASE

During a law enforcement operation concerning an online chat room known to be a haven for purveyors of child sexual abuse material, undercover law enforcement authorities began corresponding with another participant in the chat room with username "Jayman5426," subsequently determined to be the defendant, Jason Boyet. ROA.522. The chat room typically required entrants to share child sexual abuse material to gain admission. ROA.118, 522.

2

███████████████████████████████████████████████████

████████████████████████████

Agents executed lawfully issued search warrants at Boyet's residence and on

his applicable social media account and cell phone. ROA.119, 523. █████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████ Boyet also

accessed an online link and downloaded at least 151 images and 195 videos

depicting the sexual exploitation of children as young as about one year old.

ROA.523-24.

Boyet pleaded guilty to a one-count bill of information charging him with

distribution of child sexual abuse material, in violation of 18 U.S.C. § 2252(a)(2).

Boyet signed a factual basis detailing evidence supporting his plea, *see* ROA.117-

22, and a plea agreement. *See* ROA.225-33. The government agreed it would "not

bring any other charges in the Eastern District of Louisiana arising from the

defendant's conduct as it is detailed in the Factual Basis." ROA.225. By signing

the plea agreement, Boyet acknowledged he understood "that any discussions with

[his] attorney or anyone else regarding sentencing guidelines are merely rough

estimates and the Court is not bound by those discussions." ROA.228. He also

acknowledged that "the sentencing guidelines are advisory and are not mandatory

3

for sentencing purposes." ROA.228. Boyet further admitted that, in exchange for concessions made by the government, he "knowingly and voluntarily . . . waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment[.]" ROA.227-28.

At Boyet's rearraignment, Boyet confirmed he understood the terms and consequences of his plea repeatedly. ROA.1074-77, 1080, 1081-84, 1085-87, 1090. The government summarized the terms of the plea agreement, including that Boyet "waives and gives up any right to contest his plea, conviction, [or] sentence" and "waives and gives up any right to appeal any . . . application or analysis of the sentencing guidelines, and any determination of those sentencing guidelines for purposes of the sentence" before confirming that Boyet had reviewed the document in its entirety and understood it. ROA.1082-84. The district court then confirmed Boyet understood he was waiving his "right to challenge [his] conviction or [his] sentence on direct appeal" in all but two circumstances that are inapplicable here. *See* ROA.1086.

During the rearraignment, Boyet verified that Sentencing Guidelines discussions with his counsel were non-binding estimates:

4

| [District Court]: | In sentencing you, the Court will also consider the sentencing guidelines. Has your lawyer explained the sentencing guidelines to you? |
| [Boyet]: | Yes, ma'am |
| [District Court]: | You understand that the sentence I impose may be different from any estimate your lawyer gave you? |
| [Boyet]: | Yes, ma'am |

ROA.1076. The district court also confirmed Boyet had reviewed the plea agreement with his counsel and understood its terms and conditions. ROA.1080.

Before sentencing, United States Probation issued a draft Presentence Investigation Report ("PSR"). ROA.234-53. The draft PSR applied U.S.S.G. § 2G2.2, including multiple Guideline enhancements. ROA.243-44.

Boyet objected to several of the enhancements, including a five-level enhancement for distributing child sexual abuse material in exchange for valuable consideration pursuant to § 2G2.2(b)(3)(B), ROA.537-38, 544-45, and a two-level "use of computer" enhancement under § 2G2.2(b)(6). ROA.538-39, 545-46. The government responded and provided evidence supporting the five-level distribution enhancement in accordance with *United States v. Halverson*, 897 F.3d 645, 651-52 (5th Cir. 2018). ROA.551-561. Boyet filed a reply. ROA.875-83.

5

Probation then issued a final PSR that rejected Boyet's objections to the two enhancements. ROA.517-541. Based on the application of the Sentencing Guidelines, including the inclusion of the above-identified enhancements, and, given his placement in Criminal History Category I, Boyet's resulting Guidelines imprisonment range was 210 to 262 months, though the statutory maximum set 240 months as the highest possible sentence. ROA.531.

In advance of sentencing, Boyet filed a sentencing memorandum that requested a downward variance based, in part, on the same issues he asserted in his objections to the PSR. ROA.884-902. The government opposed the request and asked the district to court impose a sentence within the Guidelines imprisonment range. ROA.948-61.

At sentencing, the district court overruled Boyet's Guidelines-related objections—concerning both the "use of computer" and "distribution in exchange for a thing of value" enhancements. ROA.1097-1101.

In ruling on the distribution-for-value enhancement, the district court considered and applied *Halverson* and concluded that the five-level distribution-for-value enhancement was appropriate. ROA.1098-1100. The district court relied on numerous pieces of evidence, including Boyet's interview with federal agents, the FBI report of the interview with Boyet, Boyet's statements during a

6

psychosexual examination he arranged, and evidence from the messaging

application Boyet used. ROA.1099-1100.

The district court also considered the "use of computer" enhancement in

accordance with § 2G2.2(b)(6) and overruled Boyet's objection. ROA.1100-01. It

noted that the parties agreed Boyet used a computer—an iPhone—to conduct the

offense. ROA.1101. It also found that "the Fifth Circuit has considered this issue

before, and held that applying the enhancement is appropriate because computer

use is not required for a violation of the statute." ROA.1100.

The district court adopted the PSR without change, *see* ROA.803, and

imposed a bottom-of-the-Guidelines sentence of 210 months in prison. ROA.208.

As part of the sentence, the district court imposed a five-year term of

supervised release that included a series of standard and special conditions.

ROA.209-12. During its oral pronouncement of the sentence, the district court

imposed as a condition of supervised release that Boyet "not cohabitate with

anyone who has children under the age of 18." ROA.1128. With respect to the

same special condition, the written judgment of conviction stated that Boyet "not

7

date or cohabitate with anyone who has children under the age of 18." ROA.211.
Boyet timely appealed. ROA.215.

## SUMMARY OF ARGUMENT

Because Boyet's guilty plea and appellate waiver were knowing and
voluntary, his sentencing claims related to the calculation and imposition of the
Guidelines are waived. Boyet signed a written plea agreement that included a
waiver of his right to appeal his sentence. The plain language of Boyet's appellate
waiver applies to the sentencing claim he now raises. He makes no suggestion that
his guilty plea in general, or the appellate waiver in particular, were unknowing or
involuntary. Accordingly, this Court should dismiss Boyet's claims regarding the
district court's application of the five-level enhancement under U.S.S.G.
§ 2G2.2(b)(3)(B) and imposition of a Guideline sentence that included a two-level
use of computer enhancement in accordance with U.S.S.G. § 2G2.2(b)(6).

In the event this Court reaches the merits of Boyet's sentencing claims, it
should nevertheless affirm Boyet's sentence. The district court appropriately
considered the controlling *Halverson* test for the distribution-for-value
enhancement and reasonably found adequate facts for the enhancement to apply in
the instant case. The district court acknowledged its ability to sentence Boyet
below the Guideline range and articulated why, based on the totality of the
information before it, a within-Guidelines sentence was appropriate.

8

A conflict exists between the district court's oral pronouncement of one

special condition of supervised release, Special Condition Nine, and its articulation

of that condition in the judgment of conviction. This Court should vacate that

condition of the written judgment and remand to the district court for the limited

purpose of making the judgment of conviction consistent with the oral

pronouncement of Special Condition Nine.

## ARGUMENT

## I.  Boyet waived his right to challenge his sentence, including the district court's Guideline determinations, as part of his written plea agreement.

### A.  Standard of review.

Boyet challenges his sentence and the district court's calculation of the

applicable Guideline range, *see* Boyet Br. 12-13 (refusal to disregard applicable

enhancements), 13-22 (applying distribution-for-value enhancement), the types of

arguments he waived as part of his written plea agreement. "This Court reviews de

novo whether an appeal waiver bars an appeal." *United States v. Pleitez*, 876 F.3d

150, 156 (5th Cir. 2017). "In order to determine whether an appeal waiver applies

to the issues presented, this Court ascertains the ordinary meaning of the waiver

provision." *Id.* (quotation marks and brackets omitted). This Court "construes

appeal waivers narrowly, and against the government." *Id.* (quotation marks and

brackets omitted).

9

## B.   The waiver in Boyet's plea agreement was knowing and voluntary, and it applies to the sentencing and Guideline calculation claims in this appeal.

"A criminal defendant may waive his statutory right to appeal in a valid plea

agreement." *Pleitez*, 876 F.3d at 156. "An appeal waiver bars an appeal if the

waiver (1) was knowing and voluntary and (2) applies to the circumstances at

hand, based on the plain language of the agreement." *Id.* "When determining the

proper scope of a waiver, courts utilize ordinary principles of contract

interpretation." *United States v. Rodriguez-Estrada*, 741 F.3d 648, 650 (5th Cir.

2014). "Although waivers are interpreted narrowly against the government, courts

will not read ambiguity into an agreement in which none readily manifests itself."

*Id.* (citation omitted). "Thus, in the absence of evidence that the parties to the

agreement intended a specialized, non-natural definition, [this Court] appl[ies] the

term's usual and ordinary meaning." *Id.* (brackets omitted).

Here, Boyet's written plea agreement contained the following appellate

waiver:

> [T]he defendant, in exchange for the promises and
> agreements made by the United States in this plea agreement,
> knowingly and voluntarily:
>
> (a) Waives and gives up any right to appeal or contest his
> guilty plea, conviction, sentence, fine, supervised release,
> and any restitution imposed by any judge under any
> applicable restitution statute, including but not limited to
> any right to appeal any rulings on pretrial motions of any
> kind whatsoever, as well as any aspect of his sentence,

10

> including but not limited to any and all rights which arise
> under Title 18, United States Code, Section 3742 and
> Title 28, United States Code, Section 1291;
>
> (b) Waives and gives up any right to appeal any order,
> decision, or judgment arising out of Title 18, United
> States Code, Section 3582(c) imposed by any judge and
> further waives and gives up any right to challenge the
> manner in which his sentence was determined and to
> challenge any United States Sentencing Guidelines
> determinations and their application by any judge to the
> defendant's sentence and judgment[.]

ROA.227-28. Boyet, his counsel, and the Assistant United States Attorney initialed

each page of the plea agreement and signed the last page. ROA.225-30.

Boyet reaffirmed his appreciation for his appellate waiver time and again

during his rearraignment. The Assistant United States Attorney expressly

highlighted and summarized the appellate waiver, including the waiver of

arguments related to sentencing and Sentencing Guidelines determinations.

ROA.1082-83. Boyet acknowledged that he had reviewed the plea agreement in

its entirety and understood it. ROA.1083-84. When the district court asked

whether Boyet understood that the plea included a waiver of appellate rights, he

responded, "Yes, ma'am." ROA.1086. When the district court asked his counsel,

in front of Boyet, whether he had advised Boyet "of his appeal rights and the effect

of waiving [them]," his counsel said, "Yes, ma'am." ROA.1088. Boyet does not

and has not intimated that he entered into the plea agreement or appellate waiver

unknowingly or involuntarily.

11

Boyet should be held to the bargain he knowingly and voluntarily made. He

acknowledges that the terms of his plea agreement plainly apply to the challenge

Boyet now raises to his sentence. *See* Boyet Br. 12-22 & n.3. Boyet's claims

regarding the district court's determination of the Sentencing Guidelines and

imposition of a sentence are waived, and the Court should dismiss them.

## II.    In the event the Court reaches the merits of Boyet's sentencing claims, Boyet's sentence should be affirmed.

### A.    Standard of review.

Boyet contends that the district court erred in applying a five-level

enhancement in accordance with U.S.S.G. § 2G2.2(b)(3)(B) because it found the

offense involved "distribution in exchange for any valuable consideration, but not

for pecuniary gain," *see* ROA.526, 1098-1100, and a two-level enhancement for

using a computer pursuant to § 2G2.2(b)(6), *see* ROA.538-39, 545-46, before

imposing a sentence at the bottom of the applicable Guideline range. *See*

ROA.208.

Should the Court consider the merits, it must undertake a two-step analysis

as set forth in *Gall v. United States*, 552 U.S. 38 (2007). First, the Court must

consider whether the district court committed any procedural errors, such as failing

to calculate (or improperly calculating) the Guideline range, treating the Guidelines

as mandatory, failing to consider the factors set forth in 18 U.S.C. § 3553(a),

selecting a sentence based on clearly erroneous facts, or failing to adequately

12

explain the chosen sentence. *United States v. Hebert*, 813 F.3d 551, 559 (5th Cir.

2015); *see also Halveson*, 897 F.3d at 651. A factual finding underpinning the

calculation of the Guideline range "must be supported by a preponderance of the

evidence," *United States v. Rodriguez*, 602 F.3d 346, 642 (5th Cir. 2010), and "will

be upheld if it is plausible in the light of the entire record," *United States v. El-*

*Mezain*, 664 F.3d 467, 570 (5th Cir. 2011).

"Second, if the sentence is procedurally sound or if the procedural error is

harmless, this Court consider[s] the substantive reasonableness of the sentence

imposed under an abuse-of-discretion standard." *Hebert*, 813 F.3d at 559

(quotation omitted).

This Court applies a "rebuttable presumption to a properly calculated,

within-guidelines sentence." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir.

2009). The presumption "is rebutted only upon a showing that the sentence does

not account for a factor that should receive significant weight, it gives significant

weight to an irrelevant or improper factor, or it represents a clear error of judgment

in balancing sentencing factors." *Id.* The presumption of reasonableness of a

Guideline sentence reflects the fact that by the time this Court is reviewing a

Guideline sentence, both the district judge and the Sentencing Commission will

have reached the same conclusion as to the proper sentence. *Rita v. United States*,

551 U.S. 338, 347 (2007). Additionally, this Court "will infer that the judge has

considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

## B. The district court properly applied a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B).

This Court has articulated a four-part test to trigger a "distribution-for-value" enhancement under the recently modified § 2G2.2(b)(3)(B). *Halverson*, 897 F.3d at 652; *see also United States v. Dedual*, 760 F. App'x 339, 340-41 (5th Cir. 2019). First, the defendant must have agreed to an exchange with another person. Second, the defendant must have knowingly distributed child sexual abuse material to that person. Third, the purpose of the distribution must have been to obtain something of valuable consideration. Finally, the valuable consideration must have come from the person to whom the defendant distributed the contraband. The government must establish each element by a preponderance of the evidence. *See Halverson*, 897 F.3d at 652.

In this case, Boyet contends that the district court erred procedurally by not applying the proper test, *see* Boyet Br. 15-19, and factually by finding that Boyet shared child sexual abuse material for the specific purpose of receiving other, similar material in exchange. *See* Boyet Br. 20-22. The evidence presented to the district court disproves these allegations.

With respect to the first element, Boyet acknowledged that entry to the chat room he joined typically required the posting of child sexual abuse material. *See*

14

ROA.537-38, 553-54 (Final PSR). The chat room was "known to be a haven for purveyors of digital files depicting the sexual victimization of children."

ROA.522. Boyet admitted to sending such material to "groups as proof to stay in the groups and just in the course of being a group member," thus satisfying the second element. *See* ROA.537-38, 553-54. Moreover, evidence from the instant messaging application confirmed Boyet sent sexually explicit depictions of minors to numerous users, by posting in a chat room for other attendees to access by sending them to specific individuals. *See* ROA.553-55. The close proximity between Boyet's sending files depicting the sexual exploitation of children, including child sexual abuse material, to individuals and receiving such material in return satisfies the third and fourth elements. *See* ROA.553-55.

The Final PSR incorporated these facts in its response to Boyet's objection. ROA.538. At sentencing, the district court adopted the PSR and applied the *Halverson* test, ROA.1098-1100, and concluded that "the government has established by a preponderance of the evidence that the *Halverson* criteria are satisfied." ROA.1100.

Consequently, the district court satisfied the procedural requirement to acknowledge *Halverson* and employ the test it articulated. Its rationale, moreover, was based on established facts before it, including information set forth in the agreed upon factual basis, Boyet's interview with law enforcement authorities, and

15

records obtained from his electronic devices and the social media platform he used to undertake his criminal activity. ROA.1098-1100. Because the district court's factual findings underpinning its application of the five-level distribution enhancement were reasonable and plausible in light of the record, this Court should affirm its decision.

## C.   The district court properly considered all applicable factors before imposing a within-Guidelines sentence.

Boyet maintains that the district court procedurally erred by "failing to recognize its authority to depart from the Guidelines based on policy disagreements." *See* Boyet Br. 12. He contends that the "[t]he court's only reason for rejecting Mr. Boyet's policy-based arguments was the fact that he had not cited any Fifth Circuit law authorizing the court to 'refrain from imposing' enhancements on that basis." *See* Boyet Br. 12-13. Boyet is incorrect.

At the rearraignment, the district court expressed its awareness—in confirming Boyet's understanding of the consequences of his plea—that after determining the applicable Guideline range, it "may impose a sentence that's more severe or less severe if [it found] that the guidelines do not take into account all of the relevant facts." ROA.1076. The plea agreement also made this clear. *See* ROA.228 ("The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes."). The district court again acknowledged its ability to sentence outside the Guidelines during Boyet's

16

sentencing, stating that the Guideline sentencing range was "advisory."

ROA.1102. Further, the district court explained it was rejecting Boyet's objection

to the "use of computer" enhancement because "the Fifth Circuit has considered

this issue before, and held that applying the enhancement is appropriate because

computer use is not required for a violation of the statute." ROA.1100.

Indeed, the district court's statement that forms the basis of Boyet's

objection, *see* Boyet Br. 12, was in response to his objection to the application of

the enhancement. The district court was satisfying its obligation to calculate the

Guideline offense level, not assessing its ability to depart or vary either upward or

downward from the resulting applicable range. After considering and assessing the

applicable Guideline range, *see* ROA.803, 1102, the district court concluded that a

below-Guidelines sentences was inappropriate.



The district court imposed a procedurally sound, substantively

reasonable sentence when sentencing Boyet to a term of imprisonment at the

bottom of the applicable Guideline range. Boyet's argument fails.

## III.   The written judgment conflicts with the oral pronouncement of sentence as to a term of supervised release and should be corrected.

### A.   Standard of review.

Boyet contends that the district court erred by imposing a portion of his

sentence—a single special condition of his five-year term of supervised release—

in its written judgment that differed from the oral pronouncement. The

government agrees.

Boyet failed to raise this issue before the district court, or at any point prior

to filing the instant appeal. Nevertheless, because Boyet had "no opportunity at

sentencing to consider, comment on, or object to the special conditions later

included in the written judgment[,]" this Court reviews for abuse of discretion.

*United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).[1]

## B. The Court should vacate the dating restriction in the written judgment and remand for the written judgment to be consistent with the oral pronouncement of sentence.

At sentencing, the district ordered, as a special condition of Boyet's

supervised release, that he not cohabitate with anyone who has children under the

age of 18. ROA.1128. The written judgment of conviction, however, restated the

applicable special condition of release as precluding Boyet from cohabitating or

dating anyone under the age of 18. ROA.1004. The Court has previously found

that such a difference creates a conflict. *See United States v. Tang*, 718 F.3d 476,

486-87 (5th Cir. 2013). When conflicts arise between the written judgment and the

oral pronouncement, the oral pronouncement controls. *Bigelow*, 462 F.3d at 381.

Consequently, the Court should vacate the dating portion of the special condition

of supervised release and remand to the district court for the limited purpose of

amending Special Condition Nine of the judgment of conviction to reflect that the

defendant is precluded only from cohabitating with anyone who has children under

the age of 18.

---

[1] Because of the express inconsistency between the district court's oral and written judgment and the time at which the issue arose (post-sentencing), the government will not seek to enforce the appellate waiver in Boyet's plea agreement for purposes of this issue.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the

Court affirm the conviction and sentence of Jason Boyet, with a limited remand to

correct an error in the written judgment and make it conform with the district

court's oral pronouncement of sentence.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

/s/ *Jordan S. Ginsberg*
JORDAN S. GINSBERG
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3121
E-Mail: jordan.ginsberg@usdoj.gov

## CERTIFICATE OF SERVICE AND ECF COMPLIANCE

I hereby certify that on this 21st day of July, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. The following ECF-registered counsel of record was served by Electronic Notice of Docket Activity:

Samantha Jean Kuhn, samantha_kuhn@fd.org

I further certify the foregoing document meets the required privacy redactions; that it is an exact copy of the paper document; and the document has been scanned with the most recent version of a commercial virus scanning program and is virus-free.

/s/ *Jordan S. Ginsberg*
JORDAN S. GINSBERG