No. 21-30690

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee*,

v.

JASON BOYET,
         *Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-00051

**APPELLANT'S REPLY BRIEF**

    CLAUDE J. KELLY
    Federal Public Defender
    Eastern District of Louisiana

    SAMANTHA J. KUHN
    Assistant Federal Public Defender

    Office of the Federal Public Defender
    500 Poydras Street, Suite 318
    Hale Boggs Federal Building
    New Orleans, Louisiana 70130
    (504) 589-7930
    Samantha_Kuhn@fd.org

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

ARGUMENT ON REPLY ...................................................................................... 1

    I.      The government agrees that this Court should correct Mr. Boyet's supervised release conditions .............................................. 1

    II.     The sentencing-related appeal waivers in Mr. Boyet's plea agreement were unknowing and should not be enforced. [FORECLOSED] ................................................................................ 1

CONCLUSION ........................................................................................................ 8

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**CASES**

*Boykin v. Alabama*, 395 U.S. 238 (1969) ...................................................................6
*Gall v. United States*, 552 U.S. 38 (2007) ...................................................................7
*Garza v. Idaho*, 139 S. Ct. 738 (2019)...................................................................1, 5
*Johnson v. Zerbst*, 304 U.S. 458 (1938) ......................................................................6
*Newton v. Rumery*, 480 U.S. 386 (1987) ....................................................................6
*Puckett v. United States*, 556 U.S. 129 (2009) ...........................................................7
*United States v. Andis*, 333 F.3d 886 (8th Cir. 2003)..................................................5
*United States v. Barnes*, 953 F.3d 383 (5th Cir. 2020)................................................2
*United States v. Bond*, 414 F.3d 542 (5th Cir. 2005)..............................................2, 6
*United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001) ...............................................5
*United States v. Kim*, 988 F.3d 803 (5th Cir. 2021) ....................................................2
*United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992) ................................ 3, 5, 6
*United States v. Mutschler*, 152 F. Supp. 3d 1332 (W.D. Wash. 2016)................3, 4
*United States v. Navarro-Botello*, 912 F.2d 318 (9th Cir. 1990) ...............................5
*United States v. Olano*, 507 U.S. 725 (1993) .........................................................6, 7
*United States v. Rutan*, 956 F.2d 827 (8th Cir. 1992) .................................................5
*United States v. Vanderwerff*, 2012 WL 2514933 (D. Colo. June 28, 2012) ... 2, 3, 5
*United States v. Wiggins*, 905 F.2d 51 (4th Cir. 1990)...............................................5

**OTHER AUTHORITIES**

Andrew Dean, *Challenging Appeal Waivers*, 61 Buff. L. Rev. 1191 (2013)............4
Editorial, *Trial Judge to Appeals Court: Review Me*, N.Y. Times, July 17, 2012....4
John C. Keeney, *Justice Department Memo: Use of Sentencing Appeal Waivers to Reduce the Number of Sentencing Appeals*, 10 Fed. Sent. R. 209 (Jan./Feb. 1998) ......................................................................................................................4
Susan R. Klein, Aleza S. Remis & Donna Lee Elm, *Waiving the Criminal Justice System: An Empirical and Constitutional Analysis*, 52 Am. Crim. L. Rev. 73 (2015) ......................................................................................................................5
U.S. Dep't of Justice, "Department Policy on Waivers of Claims of Ineffective Assistance of Counsel" (Oct. 14, 2014)................................................................1
U.S. Dep't of Justice, U.S. Attorney's Manual, CRM § 626, "Plea Agreements and Sentencing Appeal Waivers—Discussion of the Law" ........................................2

# ARGUMENT ON REPLY

## I. The government agrees that this Court should correct Mr. Boyet's supervised release conditions.

The government agrees that Mr. Boyet's written judgment conflicts with the district court's oral pronouncement by prohibiting him from *dating or* cohabitating with—as opposed to simply cohabiting with—anyone with children under the age of 18. *See* Gov't Br. at 18–19. Accordingly, consistent with prior precedent, this Court should vacate the dating portion of that special condition of supervised release to bring it into conformity with the oral pronouncement.

## II. The sentencing-related appeal waivers in Mr. Boyet's plea agreement were unknowing and should not be enforced. [FORECLOSED]

The government has elected to enforce the broad appellate waivers in Mr. Boyet's plea agreement to prevent this Court from reaching the merits of his sentencing challenges. *See* Gov't Br. at 9–12; *cf. Garza v. Idaho*, 139 S. Ct. 738, 745 (2019) ("[E]ven a waived appellate claim can still go forward if the prosecution forfeits or waives the waiver."). Those waivers, which have become standard requirements of all plea agreements offered by the U.S. Attorney's Office in the Eastern District of Louisiana, required Mr. Boyet to forfeit his right to dispute any Sentencing Guideline determinations by the district court.[1] Mr. Boyet opposes

---

[1] The Eastern District of Louisiana's appeal waivers constitute the broadest and most restrictive appeal waivers permitted by law and U.S. Department of Justice Policy. *See* U.S. Dep't of Justice, "Department Policy on Waivers of Claims of Ineffective Assistance of Counsel" (Oct. 14, 2014), https://www.justice.gov/file/70111/download (prohibiting federal prosecutors from

1

dismissal of his claims because those waivers were inherently unknowing. However, he recognizes that this argument is foreclosed by controlling Fifth Circuit precedent. *See, e.g.*, *United States v. Kim*, 988 F.3d 803, 808 (5th Cir. 2021); *United States v. Barnes*, 953 F.3d 383, 386–87 (5th Cir. 2020); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). He thus raises it here to preserve the issue for further review.

The right to appeal a criminal sentence is a statutory entitlement. 18 U.S.C. § 3742. However, in many federal jurisdictions—including the Eastern District of Louisiana—prosecutors routinely use standard plea agreements that include a blanket waiver of that statutory right. That development is both significant and concerning, particularly in light of the near-extinction of the criminal trial. Indeed, "[t]he glut of plea bargaining and the pandemic waiver of [constitutional trial] rights have rendered trial by jury an inconvenient artifact." *United States v. Vanderwerff*, No. 12-CR-00069, 2012 WL 2514933, at *4 (D. Colo. June 28, 2012), *rev'd and remanded*, 788 F.3d 1266 (10th Cir. 2015). The combination of high plea rates with the prolific use of broad appeal waivers in all (or nearly all) plea agreements threatens to similarly render the criminal appeal an "inconvenient artifact," insulating critical sentencing errors from review and correction by this Court.

---

seeking in plea agreements to have a defendant waive any claims of ineffective assistance of counsel); U.S. Dep't of Justice, U.S. Attorney's Manual, CRM § 626, "Plea Agreements and Sentencing Appeal Waivers—Discussion of the Law" (detailing various arguments on appeal that cannot legally be waived, including challenges to sentences exceeding the statutory maximum).

2

Many judges and commentators have expressed alarm over this trend, noting the serious legal and policy concerns raised by the widespread, compelled forfeiture of appellate rights. For example, these broad appeal waivers require defendants to forfeit serious errors that they could not have anticipated at the time of relinquishment, arise from inherently inequitable bargaining positions, reduce incentives for careful sentencing and strict compliance with the Sentence Guidelines, insulate serious errors from review and correction, leave difficult legal questions unanswered, and otherwise inhibit development of the law. *See United States v. Melancon*, 972 F.2d 566, 573 (5th Cir. 1992) (Parker, J., concurring) ("[E]ven if I were convinced that the sort of futuristic waiver at issue in this case could be knowing and intelligent, I could not support it. Any systemic benefits that might inhere in this type [of] waiver cannot overcome its extremely deleterious effects upon judicial and congressional integrity, and individual constitutional rights."); *United States v. Mutschler*, 152 F. Supp. 3d 1332, 1339 (W.D. Wash. 2016) ("Although the Court would not intentionally impose an improper sentence, the Court is not infallible and, in the course of formulating a sentence, the Court is often faced with issues on which reasonable minds can differ. The criminal justice system is not improved by insulating from review either simple miscalculations or novel questions of law."); *Vanderwerff*, 2012 WL 2514933, at *5 ("Indiscriminate acceptance of appellate waivers undermines the ability of appellate courts to ensure

the constitutional validity of convictions and to maintain consistency and reasonableness in sentencing decisions.").[2]

Of course, courts have pointed to the institutional benefits of appeal waivers—most commonly, conservation of resources and finality. However, as one district court observed, these benefits may be overblown:

> Any suggestion that unilateral waivers of the right to appeal promote finality is disingenuous. Finality is not secured simply because only the Government, and not the defendant, is entitled to appeal. Moreover, to the extent the Government's motive is merely to reduce the burden of appellate and collateral litigation on sentencing issues, the avenue for achieving such finality is explicitly contemplated in Rule 11(c)(1)(C), pursuant to which the Government may agree to a specific [Sentencing Guidelines] range and bind both the defendant and the Court.

*Mutschler*, 152 F. Supp. 3d at 1340 (citations omitted). Moreover, the incorporation of appeal waivers into *every* plea agreement does not merely reduce direct criminal appeals—it eliminates them. Certainly, balance must be struck between the interests

---

[2] *See also, e.g.*, Editorial, *Trial Judge to Appeals Court: Review Me*, N.Y. Times, July 17, 2012, at A24 ("Congress gave appeals courts the power to review federal sentences to ensure the government applies the law reasonably and consistently. Without an appeals court's policing, the odds go up that prosecutors will do neither. Our system of pleas then looks more like a system of railroading."); Andrew Dean, *Challenging Appeal Waivers*, 61 Buff. L. Rev. 1191, 1211 (2013) ("The lack of bargaining equality between the defense and prosecution has led some judges to reject appeal waivers as contracts by adhesion. Because conditioning the plea agreement on acceptance of an appeal waiver skews the balance so far in the prosecution's favor, the defendant has no hope at achieving equal bargaining power. This renders the contract unconscionable."); John C. Keeney, *Justice Department Memo: Use of Sentencing Appeal Waivers to Reduce the Number of Sentencing Appeals*, 10 Fed. Sent. R. 209, 210 (Jan./Feb. 1998) ("The disadvantage of the broad sentencing appeal waiver is that it could result in guideline-free sentencing of defendants in guilty plea cases, and it could encourage a lawless district court to impose sentences in violation of the guidelines. It is imperative to guard against the use of waivers of appeal to promote circumvention of the sentencing guidelines.").

of resource management and finality on the one hand, and, on the other, the benefits conferred by the right to appeal, such as error correction, guidance for lower courts, and just results. The former cannot be allowed to consume the latter. *Vanderwerff*, 2012 WL 2514933, at *4 ("Prioritizing efficiency at the expense of the individual exercise of constitutional rights applies to the guilty and the innocent alike, and sacrificing constitutional rights on the altar of efficiency is of dubious legality.")

"The Supreme Court has not yet ruled on the constitutionality of plea agreement waivers of the statutory right to . . . direct appeal of sentence after conviction by plea." Susan R. Klein, Aleza S. Remis & Donna Lee Elm, *Waiving the Criminal Justice System: An Empirical and Constitutional Analysis*, 52 Am. Crim. L. Rev. 73, 81 (2015); *see also Garza*, 139 S. Ct. at 745 n.6 (declining to comment on "what particular exceptions [to appeal waivers] may be required"). However, appellate courts generally have enforced them. In *Melancon*, this Court reasoned that, since defendants can waive constitutional rights by pleading guilty, they also may waive statutory rights, including the right to appeal a sentence. 972 F.2d at 567. Other Circuits agree. *See, e.g., United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001); *United States v. Rutan*, 956 F.2d 827, 829 (8th Cir. 1992), *overruled in part by United States v. Andis*, 333 F.3d 886, 892 n.6 (8th Cir. 2003); *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990); *United States v. Wiggins*, 905 F.2d 51, 52–54 (4th Cir. 1990).

But the analogy courts have drawn between appeal waivers and the waiver of constitutional rights by pleading guilty is fundamentally flawed. The constitutional rights waived by a guilty plea are known *at the time they are waived*:

> [O]ne waives the right to silence, and then speaks; one waives the right to have a jury determine one's guilt, and then admits his or her guilt to the judge. In these cases, the defendant knows what he or she is about to say, or knows the nature of the crime to which he or she pleads guilty.

*Melancon*, 972 F.2d at 571 (Parker, J., concurring). Due process is satisfied because the waiver is an intentional, knowing "relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see also United States v. Olano*, 507 U.S. 725, 732–33 (1993); *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). By contrast, there can be no waiver without knowledge of the right waived. *Cf. Newton v. Rumery*, 480 U.S. 386, 390–403 (1987) (approving waiver of right to sue for false arrest and imprisonment when the right had already accrued). Appeal waivers entered at the time of a guilty plea lack an essential prerequisite for knowing waivers: contemporaneous knowledge of the rights being relinquished.

Indeed, despite the widespread approval of appeal waivers, courts will deem them invalid and unenforceable if they are not knowingly and voluntarily entered. *Bond*, 414 F.3d at 544. But, in federal court, sentencing-related appeal waivers can almost *never* be knowingly entered, because a defendant enters into a plea agreement long before sentencing occurs, often with no agreement among the parties and court regarding the sentence he will face or even the Guidelines range that will apply. As

6

a result, the defendant is waiving the right to challenge an unknown sentence and yet-to-be-made sentencing errors. Such a waiver cannot be knowingly entered.

Importantly, a defendant cannot preserve sentencing errors for review by making a blanket objection at rearraignment to any prospective error in the court's application of the Sentencing Guidelines or weighing of the applicable sentencing factors. *See* Fed. R. App. P. 51(b) (requiring an objection "when the court ruling or order is made or sought"); *Puckett v. United States*, 556 U.S. 129, 135 (2009) (describing Rule 51(b) as a "contemporaneous-objection rule"). Conversely, a defendant cannot waive—*i.e.,* knowingly and intentionally relinquish—the right to have such an error corrected without first knowing what the error is. *See Olano*, 507 U.S. at 733. Moreover, it is unreasonable to expect a defendant to anticipate, much less "know," whether errors will be made in determining his sentence or the impact of such errors. Quite the opposite, every criminal defendant reasonably expects that the district court will "begin [his] sentencing proceeding[] by correctly calculating the applicable Guidelines range," using that range as "the starting point and initial benchmark" for deciding an appropriate sentence. *Gall v. United States*, 552 U.S. 38, 50 (2007). Defendants cannot know at the time they waive their appellate rights whether, or to what degree, the sentencing court will stray from that requirement.

That is exactly what happened here. At the time Mr. Boyet entered his plea agreement, he did not know—nor could he have anticipated—that the district court

would erroneously apply a sentencing enhancement that significantly increased his Guidelines range. And the government's unpersuasive argument on the merits—which fails to cite any supporting caselaw or respond to the extensive legal support cited in Mr. Boyet's brief—underscores both the unforeseeability of that error and the harm of enforcing this appeal waiver. *Compare* Gov't Br. at 14–16, *with* App. Br. at 13–22. Mr. Boyet's waiver of his right to challenge unanticipated Guideline application errors was unknowing and therefore should not be enforced.

## CONCLUSION

Mr. Boyet respectfully requests that this Court correct the supervised release conditions in his judgment, preserving for further review his challenge to the validity and enforceability of the sentencing-related appeal waivers in his plea agreement.

Respectfully submitted,

CLAUDE J. KELLY
Federal Public Defender
Eastern District of Louisiana

*/s/ Samantha Kuhn*
SAMANTHA J. KUHN
Assistant Federal Public Defender
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
(504) 589-7930
Samantha_Kuhn@fd.org

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 11, 2022, the foregoing Appellant's Brief was filed with the Clerk of Court via the electronic filing system, which will send an electronic Notice of Docket Activity to the following Filing Users:

Kevin G. Boitmann, kevin.boitmann@usdoj.gov,
Diane Hollenshead Copes, diane.copes@usdoj.gov, and
Jordan S. Ginsberg, Jordan.ginsberg@usdoj.gov,
   Assistant United States Attorneys.

"The court's electronic Notice of Docket Activity constitutes service of the filed document on all Filing Users." 5TH CIR. R. 25.2.5.

*/s/ Samantha Kuhn*
SAMANTHA J. KUHN
Assistant Federal Public Defender

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,081 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman, 14-point font for text and 12-point font for footnotes.

3. This brief complies with the privacy redaction requirement of Fed. R. App. P. 25(a)(5), 5th Cir. R. 25.2.13, and Fed. R. Crim. P. 49.1, because it has been redacted of personal data identifiers.

4. This electronic submission is an exact copy of the paper document, in compliance with 5th Cir. R. 25.2.1.

5. This brief is free of viruses because it has been scanned for viruses with the most recent version of Symantec Endpoint Protection, in compliance with 5th Cir. ECF Filing Standard A(6).

*/s/ Samantha Kuhn*
SAMANTHA J. KUHN
Assistant Federal Public Defender
Dated: August 11, 2022